FILED'10 OCT 08 11:24USDC-ORP

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

RICHARD GLENN CARLTON,

       Petitioner,

   v.

JEAN HILL,

       Respondent.

Civil No. 06-857-JE

FINDINGS AND RECOMMENDATION

Harrison Latto
Attorney at Law
1631 NE Broadway, #533
Portland, OR 97232

    Attorney for Petitioner

John R. Kroger
Attorney General
Jonathan W. Diehl
Assistant Attorney General
Department of Justice
1162 Court Street NE
Salem, Oregon 97310

    Attorneys for Respondent

1 - FINDINGS AND RECOMMENDATION

JELDERKS, Magistrate Judge.

Petitioner brings this habeas corpus case pursuant to 28 U.S.C. § 2254 in which he challenges the legality of his underlying state court convictions for Rape, Unlawful Sexual Penetration, Sexual Abuse, and Sodomy.   For the reasons that follow, the Petition for Writ of Habeas Corpus (#2) should be denied.

## BACKGROUND

According to the State's evidence, petitioner began sexually abusing his daughter when she was 11 years old.   Trial Transcript, p. 60.  The victim did not disclose the abuse until she was 14 years old, leading to petitioner's indictment on one count of Sodomy in the First Degree, five counts of Sexual Abuse in the First Degree, one count of Rape in the First Degree, and one count of Unlawful Sexual Penetration in the first Degree.  Respondent's Exhibit 102.  A unanimous jury convicted petitioner of all counts, and the trial court sentenced him to 365 months in prison.  Trial Transcript, pp. 631-33; Respondent's Exhibit 101.

Petitioner directly appealed his convictions, but the Oregon Court of Appeals affirmed the trial court without opinion, and the Oregon Supreme Court denied review.  Respondent's Exhibits 107, 108.

Petitioner next filed for post-conviction relief ("PCR") in Malheur County where the PCR trial court denied relief on all claims.  Respondent's Exhibits 134, 135.  The Oregon Court of

2 - FINDINGS AND RECOMMENDATION

Appeals affirmed the lower court without issuing a written opinion, and the Oregon Supreme Court denied review. Respondent's Exhibits 139, 140.

On June 19, 2006, petitioner filed his Petition for Writ of Habeas Corpus in which he raises eleven separate grounds for relief. Respondent asks the court to deny relief on the Petition because: (1) petitioner failed to fairly present eight of his grounds for relief to Oregon's state courts, and they are now procedurally defaulted; and (2) petitioner's claims lack sufficient merit to justify habeas corpus relief.

## DISCUSSION

### I.   Exhaustion and Procedural Default

#### A.   Standards

A habeas petitioner must exhaust his claims by fairly presenting them to the state's highest court, either through a direct appeal or collateral proceedings, before a federal court will consider the merits of those claims. *Rose v. Lundy*, 455 U.S. 509, 519 (1982). "As a general rule, a petitioner satisfies the exhaustion requirement by fairly presenting the federal claim to the appropriate state courts . . . in the manner required by the state courts, thereby 'affording the state courts a meaningful opportunity to consider allegations of legal error.'" *Casey v. Moore,* 386 F.3d 896, 915-916 (9th Cir. 2004) (quoting *Vasquez v. Hillery*, 474 U.S. 254, 257, (1986)). If a habeas litigant failed

to present his claims to the state courts in a procedural context in which the merits of the claims were actually considered, the claims have not been fairly presented to the state courts and are therefore not eligible for federal habeas corpus review. *Castille v. Peoples*, 489 U.S. 346, 351 (1989).

A petitioner is deemed to have "procedurally defaulted" his claim if he failed to comply with a state procedural rule, or failed to raise the claim at the state level at all. *Edwards v. Carpenter*, 529 U.S. 446, 451 (2000); *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). If a petitioner has procedurally defaulted a claim in state court, a federal court will not review the claim unless the petitioner shows "cause and prejudice" for the failure to present the constitutional issue to the state court, or makes a colorable showing of actual innocence. *Gray v. Netherland*, 518 U.S. 152, 162 (1996); *Sawyer v. Whitley*, 505 U.S. 333, 337 (1992); *Murray v. Carrier*, 477 U.S. 478, 485 (1986).

**B.    Analysis**

In this case, petitioner raises eleven claims in his Petition for Writ of Habeas Corpus which reflect the eleven claims he presented to the PCR trial court. Respondent's Exhibit 108. However, on appeal, petitioner winnowed his claims down to three instances of ineffective assistance of trial counsel. Specifically, he alleged that trial counsel was constitutionally ineffective when she failed to:

1.  Dismiss a juror who had a daughter who had been sexually abused;

2.  Call petitioner's mother as a witness because the State would not pay for her travel expenses to Oregon from Arizona; and

3.  Properly object when the trial court rejected petitioner's evidence that the victim had made allegations against her grandfather, something which would have served to impeach the victim's credibility.

Respondent's Exhibit 136; Respondent's Exhibit 138. Petitioner alleged these claims in both the Oregon Court of Appeals, and the Oregon Supreme Court, thereby fairly presenting them. *Id.*

These claims correspond to Grounds E, G, and J of the Petition for Writ of Habeas Corpus. Because petitioner may no longer present the remainder of his claims to Oregon's appellate courts at this time, they are procedurally defaulted, and the default is not excused.[1]

## II.  **The Merits**

### A.  **Standard of Review**

An application for a writ of habeas corpus shall not be granted unless adjudication of the claim in state court resulted in

---

[1] Even if counsel for plaintiff was able to substantiate the hearsay information contained in his Declaration supporting his final Motion seeking a continuance in this case, it would not be sufficient to make a gateway showing of actual innocence in order to excuse petitioner's default. Further assuming that petitioner could make a gateway showing of actual innocence so as to excuse his default, the court has examined the merits of his defaulted claims and determined that those claims would not entitle him to habeas corpus relief.

5 - FINDINGS AND RECOMMENDATION

a decision that was: (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or (2) "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). A state court's findings of fact are presumed correct, and petitioner bears the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

A state court decision is "contrary to . . . clearly established precedent if the state court applies a rule that contradicts the governing law set forth in [the Supreme Court's] cases" or "if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [that] precedent." *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). Under the "unreasonable application" clause, a federal habeas court may grant relief "if the state court identifies the correct governing legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id* at 413. The "unreasonable application" clause requires the state court decision to be more than incorrect or erroneous. *Id* at 410. The state court's application of clearly established law must be objectively unreasonable. *Id* at 409.

In this case, the PCR trial court's decision does not specifically address Grounds E, G, and J individually. When a state court reaches a decision on the merits but provides no reasoning to support its conclusion, the federal habeas court must conduct an independent review of the record to determine whether the state court clearly erred in its application of Supreme Court law. *Delgado v. Lewis*, 223 F.3d 976, 982 (9th Cir. 2000). In such an instance, although the court independently reviews the record, it still lends deference to the state court's ultimate decision. *Pirtle v. Morgan*, 313 F.3d 1160, 1167 (9th Cir. 2002).

B.    **Ground E: Failure to Excuse Juror Number Three**

According to petitioner, his trial attorney was constitutionally ineffective when she failed to excuse Juror #3 during *voir dire*. Specifically, petitioner alleges that he asked counsel to remove Juror #3 after she stated that her daughter had been sexually abused in the past, but counsel did not do so and the trial court told him to "be quiet" when he attempted to raise his concerns.

Because no Supreme Court precedent is directly on point that corresponds to the facts of this case, the court uses the general two-part test the Supreme Court has established to determine whether petitioner received ineffective assistance of counsel. *Knowles v. Mirzayance*, 129 S. Ct. 1411, 1419 (2009). First, petitioner must show that his counsel's performance fell below an

7 - FINDINGS AND RECOMMENDATION

objective standard of reasonableness. *Strickland v. Washington,*
466 U.S. 668, 686-87 (1984). Due to the difficulties in evaluating
counsel's performance, courts must indulge a strong presumption
that the conduct falls within the "wide range of reasonable
professional assistance." *Id* at 689.

Second, petitioner must show that his counsel's performance
prejudiced the defense. The appropriate test for prejudice is
whether the defendant can show "that there is a reasonable
probability that, but for counsel's unprofessional errors, the
result of the proceeding would have been different." *Id* at 694.
A reasonable probability is one which is sufficient to undermine
confidence in the outcome of the trial. *Id* at 696. When
*Strickland's* general standard is combined with the standard of
review governing 28 U.S.C. § 2254 habeas corpus cases, the result
is a "doubly deferential judicial review." *Mirzayance,* 129 S.Ct.
at 1420.

An independent review of the record does not reflect
petitioner's objection to the juror, or any instruction from the
court to be quiet. In addition, trial counsel submitted an
affidavit explaining her rationale for her decision as follows:

> Regarding claim 8(c), petitioner's claim that I refused
> to excuse juror number 3 after petitioner requested that
> I do so; Juror number 3 was a man, Mr. Hocker. Mr.
> Carlton never asked me to challenge any of the jurors.
> I routinely tell clients that I welcome their input into
> jury selection, and to let me know if they have strong
> feelings about a juror either way. Mr. Carlton also did
> not ask the Court to dismiss any of the jurors. In

8 - FINDINGS AND RECOMMENDATION

Yamhill County, challenges to jurors are conducted in chambers. Defendants are invited to these proceedings. I seem to recall that Mr. Carlton did accompany me in chambers during the jury selection process, but he did not say anything to me or the Court about challenging a juror, or jurors. These in-chambers sessions are reported. Had Mr. Carlton in fact said anything it would have been on the record. One of the jurors in this case apparently had a relative who had been sexually abused. I do not recall the details. I did not challenge this juror. I would ordinarily have inquired of such a juror as to the closeness of the relationship, the degree of involvement in the case on the part of the juror, the strength of his/her feelings about it, the degree to which the juror recognizes there may be false accusations. It would not have been out of the ordinary for me to have left such a juror on the jury in a case like this if I did not detect an overall closed mind to the issue or defense theories. In this case, the alleged victim was a teenager at the time of trial. We were going to present evidence that the alleged victim had various teenage motives for wanting to go live elsewhere, such as Mr. Carlton's strictness regarding rules, jealousy of her step-sister, etc. If the juror's experience was with a very small child, I would not have believed, without more, that the juror was going to be prejudiced in a case involving a teenager. In addition, my file notes show that I exercised 5 challenges and the State had exercised one. To have exercised the 6th and final challenge would have been precarious. In this county, 18 jurors take the jury box and are questioned at a time. Challenges are taken in chambers. If the potential jurors in seats 13-18 are "used up" during this first round of challenges, there are 6 more to be called to the jury box, none of which we know anything about yet.

Respondent's Exhibit 111, pp. 2-3.

While counsel was unable to recall the particular details of the sexual abuse of the juror's daughter and, thus, what bearing it might have had on petitioner's case, she clearly exercised her professional judgment and made a reasonable tactical decision to reserve her final peremptory challenge. Assessing strategic

9 - FINDINGS AND RECOMMENDATION

determinations from a cold record is very difficult to do, and while petitioner might disagree with counsel's decision, his "disagreement with trial counsel's tactical decision cannot form the basis for a claim of ineffective assistance of counsel." *Wildman v. Johnson*, 261 F.3d 832, 839 (9th Cir. 2001) (citing *Guam v. Santos*, 741 F.2d 1167, 1169 (9th Cir. 1984). As a result, the PCR trial court's decision was neither contrary to, nor an unreasonable application of, clearly established federal law.

### C.    Ground G: Accusations Pertaining to Grandfather

Petitioner next asserts that counsel was ineffective when she failed to object to the court's pretrial decision prohibiting the introduction of evidence that the victim had previously accused her grandfather of sexually abusing her. While the trial court made a pretrial ruling prohibiting the introduction of evidence that the victim's grandfather had sexually abused her and pled guilty to that crime, the evidence was nevertheless later allowed into the trial at three different times. Trial Transcript, pp. 312-17, 351, 477, 592-93. Because petitioner was able to offer this evidence during his trial, he cannot prevail on his ineffective assistance of counsel claim.

### D.    Ground J: Failure to Call Margaret Hill

Finally, petitioner alleges that trial counsel was ineffective for failing to call his mother, Margaret Hill, as a witness on his behalf. While petitioner testified during his PCR trial that his

mother could have provided testimony helpful to his case, he failed to present any independent evidence from which the PCR trial court could conclude that he suffered prejudice as a result of any failure on counsel's part.[2]   *See Horn v. Hill*, 180 Or. App. 139, 148-49, 41 P.3d 1127 (2002) ("Where evidence omitted from a criminal trial is not produced in a post-conviction proceeding . . . its omission cannot be prejudicial"); *see also Dows v. Wood,* 211 F.3d 480, 486-87 (9th Cir. 2000) (petitioner's self-serving affidavit regarding potential testimony of another is insufficient to prove ineffective assistance of counsel). Accordingly, the PCR trial court did not unreasonably apply *Strickland* to the facts of petitioner's case when it denied relief on this claim.

For all of the aforementioned reasons, upon an independent review of the record, the PCR trial court's decision denying relief on petitioner's claims is neither contrary to, nor an unreasonable application of, clearly established federal law.  Relief on the Petition should therefore be denied.

///

///

---

[2]   It is also noteworthy that counsel found petitioner's mother to be "very fond of the alleged victim . . . and was quite cold with the defense team in this case."  Respondent's Exhibit 111, p. 4.  She was "so unsupportive of her son as to not even be willing to make a long-distance phone call to me regarding his trial."  *Id.*

11 - FINDINGS AND RECOMMENDATION

## RECOMMENDATION

For the reasons identified above, the Petition for Writ of Habeas Corpus (#2) should be DENIED and a judgment should be entered dismissing this case with prejudice. The court should decline to issue a Certificate of Appealability on the basis that petitioner has not made a substantial showing of the denial of a constitutional right pursuant to 28 U.S.C. § 2253(c)(2).

## SCHEDULING ORDER

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order. The parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections. Failure to timely file objections to any factual determination(s) of the Magistrate Judge will be considered a waiver of a party's right to de novo consideration of the factual issue(s), and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation.

DATED this ____7____ day of October, 2010.

_____
John Jelderks
United States Magistrate Judge

12 - FINDINGS AND RECOMMENDATION